UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80217-RLR

JAMES WAGNER,

    Plaintiff,

v.

MATTHEW SMITH and COMMERCIAL
METALS CORPORATION,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court at docket entry 17. The Court has reviewed the Motion and the record, and is otherwise fully advised in the premises. For the reasons stated, Plaintiff's Motion to Remand is **DENIED WITHOUT PREJUDICE** as more fully set forth below.

The procedural background is as follows. Plaintiff James Wagner filed this action against Defendants Commercial Metals Company ("CMC") and Matthew Smith in the Fifteenth Judicial Circuit Court of Florida, in and for Palm Beach County, on January 3, 2025. DE 1-2. Plaintiff asserts the following counts: (I) retaliatory discharge pursuant to the Florida Private Sector Whistleblower's Act, Fla. Stat. §§ 448.101 *et seq.* against CMC; (II) defamation against Smith; (III) respondeat superior against CMC; and (IV) vicarious liability against CMC. DE 9-1 ¶¶ 73–108. Plaintiff's Complaint states that Plaintiff seeks damages including the "loss of $125,000 per year employment and loss of $9000 per month in living support" as to Counts I and II, as well as "$850,000 judgment, loss of 13 years of statutory interest on the $850,000 judgment, loss of over

$500,000 in legal fees, pain and suffering, lost wages from having to fight the bribery in leu [*sic*] of working for wages, and other incidental expenses" as to Counts III and IV. DE 9-1 at 21–25.

Defendant CMC was served with Plaintiff's action on January 16, 2025. *Id.* On February 14, 2025, CMC removed this action pursuant to 28 U.S.C. § 1441(b) and § 1332, which provide for removal on the basis of diversity jurisdiction. *Id.* On March 7, 2025, Defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim. DE 14.

On March 17, 2025, Plaintiff filed the instant motion to remand. DE 17. Plaintiff seeks remand on three grounds: procedural defects, bad faith, and lack of subject matter jurisdiction. The Court addresses each argument in turn.

***A. Procedural defects.*** Plaintiff first argues for remand based on procedural defects, "including the absence or uncertainty of [Defendant] Smith's consent and an incomplete Notice of Removal." DE 17 at 2. First, CMC's Notice of Removal attached a declaration by Smith, stating that Smith consents to CMC's removal of this action. DE 1-3 ¶ 3. Second, Plaintiff is correct that the attachments to Defendant CMC's Notice of Removal omitted pages of Plaintiff's Complaint. *See* DE 1-2. The Notice of Removal itself, however, referred to allegations from the missing pages of the Complaint, including Plaintiff's specific causes of action as to each defendant as well as the enumerated damages that Plaintiff seeks. *See* DE 1. Furthermore, in compliance with the Court's Notice of Court Practice in Removal Cases, DE 3, CMC then attached Plaintiff's Complaint in full on February 24, 2025, DE 9-1. Therefore, the Court declines to remand this action based on procedural defects.

***B. Bad faith.*** Plaintiff next argues that "Defendants' removal, followed by a filed claim of no personal jurisdiction . . . evinces bad faith." DE 17 ¶ 13. Plaintiff argues that Defendants' "contradictory stance—claiming then denying federal jurisdiction—bespeaks intent to frustrate

state court proceedings, justifying remand." *Id.* Plaintiff's argument conflates original jurisdiction with personal jurisdiction, however. Original jurisdiction means a federal court has authority to hear the case for the first time. If there is original jurisdiction over a case, a defendant may remove that case to the federal court. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over a case if the parties to that case are diverse and the amount in controversy exceeds $75,000. § 1332(a)(1). Meanwhile, personal jurisdiction refers to a court's authority to make legal decisions that affect a particular party. *Int'l Shoe v. Washington*, 326 U.S. 310 (1945). And because removal does not cure such jurisdictional defects, defendants may still challenge jurisdiction after removal. Fed. R. Civ. P. 12(b)(2), 81(c)(1); *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943). The Court therefore declines to remand this action based on Defendants' alleged bad faith.

    **C. Subject-matter jurisdiction.** Plaintiff's final argument is that the case should be remanded because the amount in controversy falls below $75,000. The Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy is $75,000. *Lowery v. Ala. Power Co.*, 483 F.3d 1185, 1208 (11th Cir. 2007). Here, Defendants' basis for removal included the amount of damages pled by Plaintiff in his state court Complaint, which included $850,000 as to Counts III and IV. DE 9-1 at 21–25. When the amount in controversy is clearly stated in a complaint, a court may rely upon the complaint to decide the amount in controversy. *Lowery*, 483 F.3d at 1217. Therefore, the Court is satisfied at this stage that the amount in controversy exceeds $75,000, and therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Remand.

    The Court addresses a related issue. Plaintiff states in his Motion to Remand that his total damages as of February 14, 2025—the date of removal—was $58,250. DE 17 ¶ 16; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-

in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). Plaintiff states that he "acknowledges a typographical error in the complaint" and that reference to the $850,000 damages request was in error. DE 17 ¶¶ 18–19. If Plaintiff seeks to amend his Complaint to fix this typographical error and to accurately state the total damages sought, **Plaintiff may file a motion for leave to amend his Complaint**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of March, 2025.

> ROBIN L. ROSENBERG
> UNITED STATES DISTRICT JUDGE