UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80217-RLR

JAMES WAGNER,

    Plaintiff,

v.

MATTHEW SMITH and
COMMERCIAL METALS CORPORATION,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the Motion to Dismiss [DE 33] filed by Defendants Commercial Metals Company[1] ("CMC") and Matthew Smith. The Court has reviewed the Motion, the Response [DE 34], the Reply [DE 37], and the record, and is fully advised in the premises. For the reasons stated below, Defendants' Motion is **GRANTED** as more fully set forth in the Order.

    I.    **FACTUAL BACKGROUND**

The Court accepts as true the following allegations in Plaintiff's Amended Complaint. DE 29. Plaintiff James Wagner resides in Florida. *Id.* ¶ 1. Defendant CMC is a company with corporate headquarters in Texas. *Id.* ¶ 2. Defendant Smith was Plaintiff's direct supervisor at CMC and has an office in an Arizona CMC facility. *Id.* ¶¶ 3, 7.

---

[1] Plaintiff named an entity called "Commercial Metals Corporation" in the caption of the Complaint as the defendant in this action but served the Complaint on Commercial Metals Company. DE 33 at 1 n.1. Defendants contend that Commercial Metals Company is the entity that employed Plaintiff at relevant times and is the proper party defendant in this action. *Id.* Plaintiff agrees on this issue. DE 37 at 1 n.1.

Plaintiff began working for CMC in Arizona on June 3, 2024. *Id.* ¶ 9. Plaintiff was meant to work in Arizona for a few weeks of training before relocating to West Virginia, the site of CMC's new steel mill construction project. *Id.* ¶¶ 9, 15. Plaintiff was tasked with guiding, managing, and reviewing the work done by a Mexico-based engineering firm, GPI, for the West Virginia mill. *Id.* ¶ 17. Around September 28, 2024, Plaintiff raised the alarm about GPI, which was taking an unreasonable amount of time on poor-quality engineering work. *Id.* ¶ 18. Plaintiff filed a Sarbanes-Oxley protected whistleblower action. *Id.* ¶ 52. Plaintiff suggested augmenting GPI's engineering with a U.S. engineering firm to ensure that CMC would not incur delay costs. *Id.* Smith ignored Plaintiff's ongoing efforts to protect CMC's interests and responded by refusing to allow Plaintiff to relocate to West Virginia. *Id.* ¶¶ 21–22, 27. In September 2024, Smith gave Plaintiff a performance review for his first three months at CMC, and gave Plaintiff the lowest rating in each category. *Id.* ¶ 40. Smith shared the performance review with Plaintiff's Florida-based supervisor, Chad Foltz, along with other CMC employees and leadership, to persuade CMC that Plaintiff should be terminated. *Id.* ¶ 86.

Plaintiff was terminated on November 14, 2024. *Id.* ¶¶ 6–7. Plaintiff alleges that he was singled out for retaliatory termination, despite his contributions to CMC, because he exposed likely kickbacks being received by Smith. *Id.*

## II.   PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against Defendants CMC and Smith in the Fifteenth Judicial Circuit Court of Florida, in and for Palm Beach County, on January 3, 2025. DE 1. CMC removed this action based on diversity jurisdiction on February 14, 2025. DE 9-1; 28 U.S.C. §§ 1332, 1441(b).

Defendants moved to dismiss and also moved to stay discovery and pre-trial deadlines pending the Court's order on Defendants' motion to dismiss. DE 14; DE 15. The Court exercised its "broad discretion to stay discovery pending decision on a dispositive motion" and granted Defendants' motion to stay because Defendants raised a legitimate challenge to the Court's personal jurisdiction. DE 16; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). The Court then denied without prejudice Plaintiff's ensuing motion to remand. DE 18.

After the Court granted Plaintiff's unopposed motion for leave to amend his complaint, Plaintiff filed his Amended Complaint on April 23, 2025. DE 29. On May 21, 2025, Defendant filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim. DE 33. The Court focuses here on the issue of personal jurisdiction.

### III.  STANDARD OF REVIEW

A court must have personal jurisdiction over the parties before it. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). To withstand a motion to dismiss, a plaintiff must plead sufficient facts, taken as true, to establish a *prima facie* case of jurisdiction over a foreign defendant. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). A motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) can be based upon either a facial or factual challenge to the complaint. On a facial attack, the court takes the allegations in the plaintiff's complaint as true and determines whether the plaintiff has pled sufficient facts to establish a *prima facie* case of personal jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

### IV.  ANALYSIS

Plaintiff brings claims of (I) retaliatory termination and (II) defamation. DE 29. Defendant has moved to dismiss for lack of personal jurisdiction based on a facial challenge to the complaint.

A federal court in a diversity action may exercise personal jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state. *See generally Rubaii v. Lakewood Pipe of Texas, Inc.*, 695 F.2d 541 (11th Cir.1983). "Because the reach of the Florida long-arm statute is a question of Florida state law, federal courts are required to construe it as would the Florida Supreme Court." *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890–91 (11th Cir. 1983) (citing *Moore v. Lindsey*, 662 F.2d 354, 357–58 (5th Cir. Unit B 1981)).

Plaintiff has premised the Court's personal jurisdiction over both Defendants under Section 48.193(1)(a)(2) of Florida's long-arm statute, which subjects a person to Florida jurisdiction for causes of action that arise from the person committing a tortious act within Florida.[2] DE 29 ¶ 4; DE 34 at 3–4. Plaintiff also alleges that (1) CMC's actions injured Plaintiff in Florida, (2) CMC acknowledged Plaintiff's Florida residence via corporate mailings, (3) CMC has numerous facilities in Florida, (4) defamation was published in Florida, and (5) Plaintiff worked for a Florida-located supervisor. DE 29 ¶ 4. Because Plaintiff has only specifically alleged personal jurisdiction under Fla. Stat. 48.193(1)(a)(2), the Court's analysis turns on the "tortious activity" provision and whether Plaintiff's causes of action "arises out of" that Florida activity. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) ("Specific jurisdiction

---

[2] The Court focuses its analysis on Plaintiff's assertion that the Court has specific personal jurisdiction over Defendants under Florida's long-arm statute. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (stating that specific personal jurisdiction arises out of a party's activities in the forum that are related to the alleged cause of action). Furthermore, the Court does not have general jurisdiction over Defendants: CMC is at home in Texas, and Smith is at home in Arizona. *Id.* at 1291–92 (discussing the stricter standard of general jurisdiction); DE 29 ¶¶ 2–3.

arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint.").

For personal jurisdiction to attach under the "tortious activity" provision of the Florida long-arm statute, the plaintiff must demonstrate that the non-resident defendant "committed a substantial aspect of the alleged tort in Florida." *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988) (quoting *Watts v. Haun,* 393 So. 2d 54, 56 (Fla. Dist. Ct. App. 1981). "[S]uch a showing is properly made by establishing that the activities in Florida 'w[ere] essential to the success of the tort.'" *Id.* (quoting *Watts*, 393 So. 2d at 56).

Based on the above principles, the Court addresses whether Plaintiff has established that Defendants' activities in Florida were essential to each of Plaintiff's claims.

## A.   Retaliatory Termination

Plaintiff's first claim is against both Defendants for retaliatory termination under the Florida Private Sector Whistleblower's Act.[3] DE 29 ¶ 91; Fla. Stat. § 448.101, *et seq*.  Plaintiff alleges that he engaged in statutorily protected activity by filing a Sarbanes-Oxley whistleblower action with CMC leadership, *id.* ¶ 92; that he suffered an adverse employment action when Smith terminated him in November 2024, *id.* ¶ 93; and that there was a causal action between the protected activity and the adverse employment action, evidenced by the "sham investigation" and Smith's "fabricated" performance review, *id.* ¶ 94.

Defendant argues that Plaintiff has failed to demonstrate how his whistleblower claim arises out of or relates to CMC's activities in Florida. DE 33 at 8.  The Court agrees.  Plaintiff

---

[3] The Florida Private Whistleblower's Act precludes an "employer" from "tak[ing] any retaliatory personnel action against an employee." Fla. Stat. § 448.102.  The Act does not impose liability on individuals who act on behalf of their employer. *See Tracey-Meddoff v. J. Altman & Beauty Centre, Inc.*, 899 So. 2d 1167, 1169 (Fla. Dist. Ct. App. 2005).

5

alleges that CMC has Florida facilities and sent corporate mailings to Plaintiff's Florida residence, but Plaintiff does not allege that he worked for CMC in Florida or that CMC ever intended to employ Plaintiff in Florida. Instead, Plaintiff began his employment with CMC by training in Arizona, and he intended to relocate to CMC's West Virginia facility after training; Plaintiff had sold his Florida home accordingly. DE 29 ¶¶ 9, 76. The allegations pertaining to Plaintiff's whistleblower claim are based on his observations and interactions at CMC's Arizona and West Virginia locations—not based on any activity by CMC in Florida. *E.g.*, *id.* ¶¶ 7, 9, 23, 52, 74, 92.

Plaintiff does allege that he worked for a Florida-located supervisor, Chad Foltz, during the relevant period. *Id.* ¶ 4. Plaintiff alleges that Smith communicated the "false statements" in Plaintiff's performance review to Foltz, along with other CMC employees and leadership, which eventually resulted in Plaintiff's termination. *Id.* ¶ 86. But the fact that one of Plaintiff's supervisors was in Florida was simply not "essential to the success" of the retaliatory termination, let alone a "substantial aspect" of the retaliatory termination. *Watts*, 393 So. 2d at 56.

"The Florida long-arm statute is strictly construed[.]" *Oriental Imports & Exports*, 701 F.2d at 891. Because Plaintiff has not met his burden to "prov[e] facts which clearly justify" the application of Plaintiff's cited Florida long-arm statute, Count I is dismissed. *Id.* (collecting cases).

**B.    Defamation**

Plaintiff's second claim is against both Defendants for defamation. Plaintiff alleges that Smith made a false statement of fact by authoring a performance review stating that Plaintiff was incompetent and failed to meet expectations. DE 29 ¶ 99. Plaintiff alleges that Smith published this false statement to Foltz, Plaintiff's Florida-based supervisor, and other CMC employees and leadership. *Id.* ¶ 100.

A Florida court may exercise personal jurisdiction over an individual who has published a defamatory statement in the state. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1214 (Fla. 2010). Publication in a defamation claim requires the dissemination of a false statement to a person other than the defamed person. *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1250 (S.D. Fla. 2014) (citing *Doe v. Am. Online, Inc.*, 783 So. 2d 1010, 1016 (Fla. 2001)). In the corporate context, "statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007).

Plaintiff here bears the burden to sufficiently plead each element of his defamation claim.[4] Further, Plaintiff bears the burden to sufficiently plead facts to justify the application of Florida's long-arm statute. But the only allegation connecting Plaintiff's defamation claim to Florida is the fact that Smith—Plaintiff's CMC supervisor—shared a negative performance review with Foltz—Plaintiff's Florida-based CMC supervisor—along with other CMC employees and leadership. DE 29 ¶¶ 99–100. In the corporate context, statements made among an entity's managerial employees do not constitute publication. *See Bush v. Raytheon Co.*, 373 F. App'x 936, 941 (11th Cir. 2010) (finding that an employer's distribution of the plaintiff's allegedly false performance reviews among managers did not constitute publication to a third party under Florida law).

Because Plaintiff has not alleged publication of an allegedly defamatory statement in Florida—and therefore has not met his burden to justify the application of Florida's "tortious activity" long-arm statute—Count II is dismissed.

---

[4] To state a claim for defamation, a plaintiff must sufficiently plead the following elements: (1) publication; (2) falsity; (3) the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement is defamatory. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss [DE 33] is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED** for lack of personal jurisdiction.

2. The amended pleadings deadline has passed, *see* DE 12, and Plaintiff has filed an Amended Complaint. But because this is the first time that Plaintiff's claims have been dismissed based upon a court ruling, the Court's dismissal is **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. If Plaintiff elects to file a second amended complaint, Plaintiff shall do so no later than **August 29, 2025**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of August, 2025.

                                                     ROBIN L. ROSENBERG
                                                     UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record